# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| JOHN BRADLEY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 1:24-CV-137 AGF |
| | ) |
| DAVID LIGHT,[1] | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

Before the Court is petitioner John Bradley's application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241. Also before the Court is petitioner's motion to proceed in forma pauperis. The Court will grant petitioner's motion to proceed in forma pauperis. Additionally, the Court will deny and dismiss the application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 due to petitioner's failure to exhaust his state court remedies.

## Background

Petitioner is a state pretrial detainee who is currently incarcerated at the Butler County Justice Center in Poplar Bluff, Missouri. He filed the instant application for writ of corpus brought pursuant to 28 U.S.C. § 2241 seeking review of his denial of bond in his criminal action in Butler County Court. *See State v. Bradley*, No. 22BT-CR01710-01 (36th Jud. Cir., Butler County Court).

According to the publicly available records published on Missouri Case.Net, petitioner is charged with the following four counts: two counts of statutory sodomy/deviate sexual intercourse with a person less than twelve years of age and two counts of child molestation in the second

---

[1]Petitioner has named as respondent the State of Missouri. The proper respondent for an inmate currently in custody pursuant to a state court proceeding is the state officer having custody of the applicant. *See* 28 U.S.C. § 2254, Rule 2(a). David Light, Jail Administrator of the Butler County Justice Center, is the proper respondent. The Court will order the Clerk to change the respondent's name in this action.

degree with a person less than twelve years of age. He is represented by counsel, and the matter is set for jury trial on October 3, 2024. The Court takes judicial notice of these public state records. *See Levy v. Ohl,* 477 F.3d 988 (8th Cir. 2007) (district court may take judicial notice of public state records).

Petitioner's averments in the application for writ are summary and conclusory. He states:

Judge based my bond reduction on saying he's been burnt before in the past on other people's cases. Prejudice[d] against [sic] these type of charges.

From review of Missouri Case.Net, it appears that petitioner was charged by Criminal Complaint on October 21, 2022. *See State v. Bradley*, No. 22BT-CR01710 (36th Jud. Cir., Butler County Court). Petitioner was not served with a warrant until June 12, 2023. *Id.* The warrant indicates that petitioner was held without bond.

At the initial appearance hearing held on June 14, 2023, petitioner was informed of the charges and a bond review hearing was set for June 22, 2023. At the bond review hearing on that date, petitioner appeared with counsel. Because new counsel was set to be assigned, a new bond review hearing was set for June 29, 2023. On that date, counsel sought a continuance as to the bond review hearing until the preliminary hearing, which was set for July 24, 2023. However, the County sought a continuance on that date until August 17, 2023. After the County appointed a special prosecutor in the case, the preliminary hearing was again continued. Finally, on November 2, 2023, petitioner's counsel filed a waiver of the preliminary hearing. Petitioner was ordered bound over to the Circuit Division for further proceedings. *Id.*

An Information was filed in the case on November 3, 2023. On November 14, 2023, petitioner appeared by video to waive formal arraignment on the Information and entered a plea of not guilty. The Circuit Judge set a hearing in the matter for November 30, 2023. However,

petitioner's counsel filed a motion for continuance on that date. The next hearing date was set for January 1, 2024, and again petitioner's counsel asked for a continuance.

On February 2, 2024, approximately seven months after petitioner's counsel entered in the case, petitioner's counsel filed a motion for bond reduction. The motion indicated that although the charges in the case were substantial, petitioner is a long-time resident of Butler County, and he was currently being held on "no bond." A bond reduction hearing was held on March 5, 2024. The Court sustained petitioner's motion and set bond at $150,000 cash or surety. The Court indicated that petitioner could be released on an electronic monitoring device, with costs taxed to him.

Despite the bond order, on April 22, 2024, petitioner filed a letter to the Court indicating that he believed the amount required for bond was too high because the Court failed to consider his ability to pay. On April 26, 2024, the Court denied the renewed request by petitioner to decrease the bond amount indicating that "no further action is taken." As noted above, the case is set for trial on October 3, 2024.

## Discussion

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4 also applies to habeas petitions arising under 28 U.S.C. § 2241. *See* Rule 1(b) of the Rules Governing § 2254 Cases (stating that the "district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)"). Based on a review of the petition under Rule 4, the Court concludes that, it plainly appears that he is not entitled to relief.

To the extent petitioner can be understood to challenge his ongoing state prosecution, he cannot establish entitlement to relief because he has failed to show that he exhausted his state

3

remedies with respect to any claim he can be understood to bring. Although the language of § 2241 does not contain an exhaustion requirement, "a petitioner seeking relief from state custody by means of a state writ of habeas corpus is ordinarily required to exhaust his state remedies." *Sacco v. Falke*, 649 F.2d 634, 635-36 (8th Cir. 1981); *see also Dickerson v. State of La.*, 816 F.2d 220, 225 (5th Cir. 1987) (collecting cases and stating that "federal courts should abstain from the exercise of [§ 2241] jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner").

Generally, state remedies are not considered exhausted if an individual may effectively present his claims in state court by any currently available and adequate procedure. A prisoner can only avoid the exhaustion requirement if he can demonstrate the existence of special circumstances. *See Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 489 (1973) ("federal habeas corpus does not lie, absent special circumstances, to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgement of conviction by a state court"); *see also Neville v. Cavanagh*, 611 F.2d 673, 675 (7th Cir. 1979) (federal courts are reluctant to grant pretrial habeas relief, and that in the interest of comity between federal and state courts, a petitioner must first exhaust his state remedies, absent a showing of "special circumstances").

Here, petitioner does not establish, and independent inquiry does not show, that he exhausted his state remedies before filing the instant petition regarding any claim he can be understood to bring, including any claim related to his requests for bond. The state court can resolve these claims either through his counsel, by petitioner filing additional motions with the Circuit Court, or if his motions continue to be denied, by pursuing remedies in the Missouri Court of Appeals. As such, adequate state court remedies currently exist for petitioner, and he does not assert any special circumstances excusing his failure to exhaust these remedies.

**Conclusion**

To the extent petitioner challenges his ongoing state criminal proceedings, it appears he has currently available and adequate state court remedies to raise his claims. Petitioner has not shown, nor does it appear, that there are any exceptional circumstances that would allow him to bypass the normal procedure for raising such claims. Therefore, to the extent petitioner can be understood to challenge his ongoing state prosecution, he cannot satisfy the exhaustion requirement with respect to any of the claims he can be understood to bring. Therefore, relief under § 2241 is unavailable to petitioner at this time.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall change the respondent to Butler County Justice Center Administrator David Light.

**IT IS FURTHER ORDERED** that petitioner's motion seeking leave to proceed in forma pauperis [ECF No. 2] is **GRANTED.**

**IT IS FURTHER ORDERED** that petitioner's application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 is **DENIED** and **DISMISSED** without prejudice. A separate Order of Dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

Dated this 7th day of October, 2024.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE